IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ÁNGEL AGUIRRE, et ux.

    Plaintiffs,

    v.

THE SALVATION ARMY, CORP.,

    Defendant.

CIVIL NO.: 17-2192 (MEL)

**OPINION AND ORDER**

On September 11, 2017, Ángel Aguirre and Hilaria Cuevas ("Plaintiffs") filed a complaint against the Salvation Army, Corp. ("Defendant"). ECF No. 1. On October 10, 2018, Defendant filed a motion requesting a stay of the proceedings because on September 28, 2018, a rehabilitation order was entered against its insurer, Real Legacy Assurance Company, Inc. ECF No. 16. On November 9, 2018, the court denied the motion to stay because it was not Defendant, but rather the rehabilitator, that is, the Puerto Rico Insurance Commissioner, who had standing to request a stay. ECF No. 18. On February 6, 2019, the Insurance Commissioner filed a motion to dismiss the case because on January 18, 2019, a Liquidation Order was entered against Real Legacy Assurance Company, Inc. ECF No. 19. On April 23, 2019, the court denied the motion to dismiss on the grounds that Real Legacy Assurance Company, Inc. was not a party to the case. ECF No. 21 (citing Velez-Oliveras v. Asociacion Hosp. Del Maestro, Inc., 198 F. Supp. 2d 70 (D.P.R. 2002)). Upon the filing of a request for a hearing, the court subsequently ordered the parties to file a motion (1) citing to cases from the United States District Court for the District of Puerto Rico in which the court stayed or dismissed the case due to the liquidation of an insurance company that was not a party to the case and (2) addressing why the reasoning in Velez-Oliveras was not

applicable to the case at bar. ECF No. 23. The parties filed a motion in compliance with the court's order. ECF No. 24. Then, on April 29, 2019, the Puerto Rico Miscellaneous Insurance Guaranty Association ("Guaranty Association") filed a motion to intervene and to stay the proceedings pursuant to the Liquidation Order and 26 L.P.R.A. § 3818, which is now pending before the court. ECF No. 25.

## I.   LEGAL ANALYSIS

Section 3818 of Title 26 of the Laws of Puerto Rico provides that "[a]ll procedures in which the insolvent insurer is a party or is bound to defend a party before the courts of Puerto Rico shall be stayed for a period of up to six (6) months." The Guaranty Association argues that because the case at bar is based on diversity jurisdiction, 26 L.P.R.A. § 3818 (which the Guaranty Association characterizes as substantive law under the Erie doctrine) should control.

In their motion in compliance, the parties drew the court's attention to three cases from the United States District Court for the District of Puerto Rico in which the court stayed the case due to the liquidation of an insurance company. However, the reasoning of one of these cases, Bruns v. Lebrón-Huertas, Civil No. 17-1505 (MDM), is inapposite because the insurance company *was* a party to the case, unlike Real Legacy Assurance Company, Inc. This leaves two remaining cases: Popovic v. Supermercados Pueblo, Civil No. 16-3081 (SCC) and Maduro Colón v. Coca-Cola Puerto Rico Bottlers, Civil No. 17-1591 (JAW). While Popovic did not provide the legal reasoning behind the decision to stay the case, Maduro Colón stayed the case pursuant to the doctrine of comity, not Erie, an issue not raised by the Guaranty Association in the case at bar.

Given these circumstances, the reasoning of Vélez-Oliveras, while not binding authority, is persuasive in light of the fact that Plaintiff did not include Real Legacy Assurance Company, Inc. as a defendant in the complaint filed in the case before the court. There, the court held that

the case did not have to be stayed in light of PHICO Insurance Company's liquidation because "under our system of federalism, a state court simply lacks the power to enjoin a federal court case." 198 F. Supp. 2d at 71.  Furthermore, the Guaranty Association's motion to stay seems to confuse Puerto Rico's tort law, which is clearly a substantive matter to be applied in the federal forum in diversity cases, with a request to stay proceedings, which is a procedural matter.

For these reasons, the Guaranty Association's motion to stay the proceedings (ECF No. 25) is DENIED.  The Guaranty Association's request to intervene (ECF No. 25) is also DENIED.  However, Plaintiffs opposed neither the Insurance Commissioner's motion to dismiss nor the Guaranty Association's motion to stay the proceedings until July 2019, and it appears that the parties need more time to adequately prepare the joint proposed pretrial order.  Thus, although this case will not be stayed, the trial is rescheduled for October 15, 2019 at 9:00 AM.[1]  The joint proposed pretrial order shall be due on September 3, 2019 and must include the items required by Local Rule of Civil Procedure 16(d).  The proposed voir dire, preliminary and final jury instructions, and verdict forms shall be due on September 17, 2019.  The pretrial conference is reset for October 1, 2019 at 4:00 PM.  The parties shall tender the trial exhibits and exhibit lists to the courtroom deputy clerk no later than the date of the pretrial conference.

Lastly, discovery concluded on February 4, 2019 and dispositive motions were due on March 22, 2019.  ECF No. 14.  Regardless of whether the Salvation Army, Corp. or its insurer chooses to change legal representation, the discovery phase will not be reopened and the deadline to file dispositive motions will not be reinstated.  The parties should not expect any additional continuances of the jury trial in this case.

---

[1] Plaintiffs never filed an opposition to the Insurance Commissioner's motion to dismiss.  If Plaintiffs would rather have the case dismissed *without prejudice and without imposition of fees, costs, and expenses*, the court would be willing to entertain such a request, but only if it is filed within two weeks of the issuance of this opinion and order.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 9th day of May, 2019.

s/Marcos E. López  
U.S. Magistrate Judge